UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------X

IOANNIS MANASAKIS

                          Plaintiff,

        -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, NYPD POLICE OFFICERS JOHN DOE # 1
to approximately # 10, the names being fictitious, presently
unknown, in their individual and official capacities as employees
of the New York City Police Department.

                          Defendants.

--------------------------------------------------------------------------X

**COMPLAINT AND
JURY DEMAND**

      The Plaintiff, IOANNIS MANASAKIS, by his attorneys, Terence Christian Scheurer P.C., complaining of the Defendants, alleges the following upon information and belief:

## NATURE OF THE ACTION / PRELIMINARY STATEMENT

      1.     This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1988, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York, the New York City Police Department, and against John Doe numbers 1 through 10, police officers of the City of New York, in their individual and official capacities.  Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION and VENUE

      2.     This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4).  Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367.  Plaintiff requests this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiff's federal claims.

1

3.     Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because the defendants have their Precinct within the boundaries of said District and because said district is where a substantial part of the events or omissions giving rise to this claim occurred.

## NOTICE OF CLAIM

5.     A notice of claim was duly filed with the City of New York within the relevant statutory period, a 50-H hearing has occurred, more than 30 days have elapsed since such filing, and the City has inadequately offered to settle Plaintiff's state law claims.

## PARTIES

6.  Plaintiff at all times relevant hereto resided in the State of New York.

7.  That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

8.  THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

9.  That at all times hereinafter mentioned, and upon information and belief, the defendant Police Officers were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

10. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

11. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants, and each of them, under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

12. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

2

## FACTUAL ALLEGATIONS

13. Plaintiff is a 39 year old Greek born gentleman of slim build working as a tile specialist in the Union 'Local 7'.

14. On Friday, 20 September 2013, at approximately 5:30 p.m., Plaintiff was in Queens County at the vicinity of 46th Street and Broadway in Astoria on his way to effect kitchen repair in an apartment building owned by Plaintiff's family. Plaintiff was approached by three persons at the corner of said intersection who did not identify themselves as police officers but approached Plaintiff in a threatening manner. Plaintiff, fearing for his safety, fled the intersection and ran for several blocks where Plaintiff went into an Acura automobile dealership.

15. After approximately two minutes of time elapsing, two of the persons who approached Plaintiff on the street corner entered the Acura dealership and then, for the first time, displayed police shields. Both Defendants were carrying batons. Plaintiff did not act in a hostile or threatening manner.

16. Without warning or provocation, these two Police officers then proceeded to hit Plaintiff on the side of his head and neck with their batons repeatedly. Plaintiff was taken to the ground and handcuffed while being struck repeatedly. These two officers continued to strike Plaintiff with batons, fists, and their feet after Plaintiff was handcuffed and lying face down on the ground. Plaintiff's back was also severely struck and kicked repeatedly as Plaintiff was prostrate on the ground. As this beating continued, Plaintiff yelled out for help as he began to lose consciousness. Plaintiff did verily believe he was going to be killed.

17. Someone from the Acura dealership yelled out 'Stop hitting him,' whereupon the police officers asked this person to bring their 'black van' to the Acura dealership for them. At this point, Plaintiff lost consciousness.

18. Plaintiff then regained consciousness while he was in this 'van' as it was stopped outside of what Plaintiff believes to have been the 114th Precinct in Queens County, NY. As Plaintiff came to, he was again punched three times in the face by one police officer and pulled out of the van from a reclined position by an officer grabbing the Plaintiff's still handcuffed hands. Plaintiff was repeatedly cursed at and told to stand up outside the van where Plaintiff found himself in the company of up to ten police officers. Plaintiff was able to stand up only by being held under each arm by two police officers. At this time, Plaintiff was again repeatedly punched, choked, and struck by a multitude of officers. Plaintiff recalls that the beating stopped when what appeared to be a supervisory officer came to the van and told the other officers to leave. At this time, Plaintiff lost consciousness again.

3

19. Plaintiff regained consciousness in the Hospital approximately 20 hours later where he found that he was tied down to the bed at the level of his arms and legs.

20. Plaintiff was ultimate arrested and arraigned, inter alia, for alleged possession of cocaine, but the arraignment Judge, upon seeing the physical condition of the beaten Plaintiff, released Plaintiff on his own recognizance and without bail pending the next Court date.

21. That in addition to bruising, pain, and suffering, Plaintiff has been unable to return to work on account of the injuries and damage done to his back, spine and neck on account of the conduct of the Defendants.

22. That on account of same, Plaintiff has attended physical therapy, and continues to so attend therapy to attempt to regain the full use his back, legs and arms.

23. Plaintiff continues to suffer pain and the partial loss of use of his back and legs to this day.

24. That the beating suffered by Plaintiff, and the excessive use of force upon him, was wholly unjustified and outrageous conduct done under color of law.

25. As a direct and proximate result of the malicious and outrageous conduct of defendants as set forth above, Plaintiff suffered injuries, including but not limited to assault and battery, emotional trauma, harm and distress, mental anguish, fear, embarrassment, and humiliation, loss of property, psychological injury and suffering.

## FIRST CAUSE OF ACTION
(MUNICIPAL LIABILTY and NEGLIGENT HIRING, TRAINING and SUPERVISION)

26. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

27. Defendant CITY OF NEW YORK is liable for the damages suffered by the Plaintiff as a result of the conduct of its employees, agents, and servants.

28. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

29. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct. Defendant CITY OF NEW YORK committed intentional, deliberately indifferent, careless, reckless, and/or negligently failed to adequately hire, train, supervise, and discipline its agents, servants, and/or employees with regard to their aforementioned duties.

30. Defendant CITY OF NEW YORK has damaged the Plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

4

31. Defendants subjected Plaintiff to physical assault and put him in fear of his life and safety.

32. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## SECOND CAUSE OF ACTION
(FOURTH AMENDMENT)

33. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

34. That as a result of the foregoing, the Plaintiff was deprived of the rights, privileges and immunities secured him by the Constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the Plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

35. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## THIRD CAUSE OF ACTION
(FOURTEENTH AMENDMENT)

36. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

37. That as a result of the foregoing, the Plaintiff was deprived of the rights, privileges and immunities secured him by the Constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the Plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

38. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## FOURTH CAUSE OF ACTION
(ASSAULT)

39. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

40. That the Court has pendant jurisdiction of this claim.

5

41. That as a result of the foregoing, Defendants intentionally assaulted Plaintiff and put Plaintiff in fear and fright of imminent physical harm.

42. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of DEFENDANTS, in the amount of One Million ($1,000,000.00) Dollars.

## FIFTH CAUSE OF ACTION
### (BATTERY)

43. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

44. Defendants battered the Plaintiff.

45. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of DEFENDANTS in the amount of One Million ($1,000,000.00) Dollars.

## SIXTH CAUSE OF ACTION
### (Cruel and Unusual Punishment)

86. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

87. During Plaintiff's apprehension he was assaulted, molested, and injured by the Defendants.

89. Plaintiff was denied adequate medical care and Plaintiff was continually assaulted.

90. As a result of Defendants' conduct, plaintiff unnecessarily suffered cruel and unusual punishment.

## SEVENTH CAUSE OF ACTION
### (Negligence)

91. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

92. Defendants' owed a duty to plaintiff who was in the custody and care of defendants.

93. Defendants breached their duty to plaintiff.

94. As a result, Plaintiff suffered injuries.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of Plaintiff in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiff's Causes of Action;

6

B.  Awarding Plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiff's Causes of Action;

C.  Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action;

D.  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated:  December 19, 2014
       Carle Place, New York

/s/

Terence C. Scheurer P.C.
Patrick C. Carroll, Esq.  (Of Counsel)
One Old Country Road, Suite 125
Carle Place, NY 11514
Ph. 516.535.1500

7